Cory J. Rooney (SBN 235838)
PO Box 382
Omaha, NE 68101
Telephone: (402) 933-9865
Facsimile: (402) 401-2701
Email: rooneylaw@outlook.com
Attorney For Plaintiff

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
(San Fernando Valley)

| | |
|---|---|
| IN RE:<br>RAY HUDSON, and<br>SAMANEH HUDSON,<br><br>　　　　　　　Debtors. | Case No.   1:24-bk-11716-MB<br><br>Chapter 7 |
| AMERIFIRST, a division of<br>First National Bank of Omaha,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>RAY HUDSON,<br><br>　　　　　　　Defendants. | **COMPLAINT SEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523 (a) (2) (B) and/or 523 (a) (2) (A)**<br><br>A.P. No. 25-ap-_____<br><br>Hon. Judge Barash |

　　　The Plaintiff, AmeriFirst, by and through its attorney, and for its Complaint against the Debtor, avers and alleges as follows:

**I. Parties and Jurisdiction**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.

2. This matter is a core proceeding pursuant to 28 U.S.C. §157.

3. The Debtors filed a Petition, and an Order for Relief was entered under 11 U.S.C Chapter 7 on October 9, 2024.

4. The Plaintiff is a named creditor in the above referenced bankruptcy proceeding and is objecting to the discharge of a debt in this bankruptcy.

5. The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

## II. Facts and Background

6. On or about August 22, 2023, the Debtor, Ray Hudson, applied for a loan from AmeriFirst in the amount of $70,000.00. *See* a true and accurate copy of said application attached hereto as Exhibit A.

7. The purpose of the loan was for the financing of a kitchen remodel and home improvement on Debtor's property.

8. On said application for credit, Defendant stated an income of $28,144.84 a month from self-employed income. *See* Exhibit A.

9. AmeriFirst relied on Debtor's representations on said application of credit.

10. Debtor's representations and pretenses concerning Debtor's income on said application were false.

11. On August 24, 2023, the Debtor was approved and dispersed a loan in the amount of $70,000.00. *See* Exhibit B, loan agreement.

12. The Debtor made 7 minimum payments and then ceased paying on the Loan leaving a current outstanding balance of $63,724.50, exclusive of interest.

13. Pursuant to the AmeriFirst loan agreement, Debtor promised not to submit false or inaccurate information regarding their credit worthiness, standing, or capacity.

14. On Debtor's bankruptcy Schedules he stated that he had an income of $27,737.00 in 2023 and $26,024 in 2022, which was materially different than his stated income on his application for credit with Amerifirst.

15. The $70,000.00 was deposited directly into Debtor's bank account and upon information and belief no kitchen remodel was performed at Debtor's residence.

16. After the $70,000.00 was deposited into Debtor's bank account and prior to the Debtor filing this bankruptcy, he also took out a second mortgage on his property in the amount of $100,343.00, leased two vehicles in the amounts of $39,255.00 and $40,321.00, and added an additional approximately $13,000.00 in unsecured credit card debt.

17. The Debtor listed $460,609.00 in Unsecured Debt.

18. The Debtor started paying his bankruptcy attorney on June 12, 2024.

19. The Debtor has previously filed for bankruptcy protection.

## III. First Cause of Action

20. Paragraphs 1 through 19 are hereby repeated and incorporated as if fully set forth herein.

21. Debtor deliberately misrepresented material information on his application for a loan with Plaintiff.
22. Debtor intended to deceive Plaintiff into extending him credit.
23. At the time of said representations, Debtor willfully and knowingly submitted income levels contained in his application for a loan that were false.
24. AmeriFirst reasonably relied on these false representations made by Defendant.
25. Based on these representations, Plaintiff extended Defendant a loan in the amount of $70,000.00.
26. Based upon the above, at the time the Debtor incurred the abovementioned $63,724.50 in remaining debt by use of a statement in writing, that was materially false, respecting the debtor's financial condition, which AmeriFirst reasonably relied upon, and the Debtor submitted with the intent to deceive AmeriFirst.
27. Based on the foregoing, the $63,724.50 in debt incurred by Defendant is not dischargeable pursuant to 11 U.S.C. §523 (a) (2) (B).

### III. Second Cause of Action

28. Paragraphs 1 through 27 are hereby repeated and incorporated as if fully set forth herein.
29. The Debtor deliberately overstated his income in an attempt to induce Plaintiff to loan him $70,000.00 shortly before he filed bankruptcy.
30. The Debtor made seven minimum payments towards this loan after receiving the funds and prior to filing bankruptcy for a second time.
31. The Debtor either knew they he was not going to pay Plaintiff back for the $70,000.00 loan and/or acted with a reckless disregard to his ability to pay Plaintiff.
32. After Debtor received this $70,000.00 from Plaintiff, Debtor went on to incur significantly more debt with other creditors prior to filing this bankruptcy.
33. The Plaintiff was justified in its reliance upon the Debtor's representations of intent to repay the Plaintiff pursuant to the Loan Agreement where Debtor promised not to submit false information.
34. Based upon the above, at the time the Debtor incurred the abovementioned $63,724.50 in debt, the Debtor intended to deceive the Plaintiff in that he either had no intention to repay said debt to the Plaintiff pursuant to the terms of the agreement or the Debtor knew or should have known that he had no ability to repay said debt to the Plaintiff.
35. Based upon the above, at the time the Debtor incurred the abovementioned $63,724.50 debt, the Debtor deceived the Plaintiff in that they made such representations of intent to repay the Plaintiff pursuant to the terms of the agreement and representations of agreement with knowledge that the

Debtor was unable to repay Plaintiff or to abide by the terms of the agreement with a reckless disregard as to the truthfulness of said representations.

36. Therefore, the Debtor obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the remaining amount of $63,724.50 and for the above reasons, this indebtedness to Plaintiff, AmeriFirst, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A).

## VI. Prayer for Relief

**WHEREFORE,** Plaintiff, AmeriFirst, respectfully prays that this Court:

A. Determine that the Debtor's, Ray Hudson, indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (B) and/or 11 U.S.C. §523 (a) (2) (A).

B. Grant judgment to the Plaintiff, AmeriFirst, against the Debtor, Ray Hudson, in the amount of $63,724.50 plus the $350.00 Adversary Proceeding filing fee, for a total of $64,074.50, plus the Plaintiff's other costs and disbursements incurred for the collection of this debt and of this action as permitted by applicable law, and

C. Grant the Plaintiff such other and further relief as to this Court seems just and proper.

Dated: January 17, 2025

                        AMERIFIRST

BY: /s/ Cory J. Rooney
      Cory J. Rooney, #235838
      PO BOX 382
      Omaha, NE  68101
      402-933-9865
      rooneylaw@outlook.com